IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. W., ) | |
| ) | No. 20 C 4081 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Joseph M. W. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On March 7, 2016, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 13-24, 97, 109.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the September 20, 2016 application date. (R. 15.) At step two, the ALJ determined that plaintiff has the severe impairments of obesity, borderline intellectual functioning, and learning disorder. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 16.) At step four, the ALJ found that plaintiff has no past relevant work but has

the RFC to perform a full range of work at all exertional levels with certain exceptions. (R. 19-23.) At step five, the ALJ found that plaintiff is capable of performing jobs that exist in significant numbers in the national economy, and thus he is not disabled. (R. 23-24.)

Plaintiff argues that the ALJ erred in finding that plaintiff's intellectual impairments do not meet or equal Listing 12.05B. That listing requires:

1. Significantly subaverage general intellectual functioning evidenced by a or b:
a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
a. Understand, remember, or apply information (see 12.00E1); or
b. Interact with others (see 12.00E2); or
c. Concentrate, persist, or maintain pace (see 12.00E3); or
d. Adapt or manage oneself (see 12.00E4); and
3. The evidence about [the claimant's] current intellectual and adaptive functioning and about the history of [the claimant's] disorder demonstrates or supports the conclusion that the disorder began prior to [the claimant's] attainment of age 22.

https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm#

(last visited Sept. 7, 2021). The ALJ said the listing was not met because plaintiff does not have an extreme limitation in one or a marked limitation in two areas of mental functioning. (R. 16-19.)[1]

The ALJ's assessment of plaintiff's mental functioning was based largely on the opinions of medical expert, Dr. Rabin. (*See id.*; R. 52 (Dr. Rabin testifying that plaintiff has a marked limitation in his ability to understand, remember and carry out activities, moderate limitations in his ability to adapt and manage himself and in his ability to concentrate and maintain concentration

---

[1] Plaintiff contends that the "requirements of Listing 12.05B(1) are met by virtue of the most recent intellectual testing." (ECF 19 at 9.) But the ALJ found that evidence of the paragraph 2 criteria, not the paragraph 1 criteria, was lacking. Thus, plaintiff's challenge to the ALJ's paragraph 1 finding is misplaced.

and pace, and a mild limitation in his ability to interact with others).) Plaintiff contends the ALJ's reliance on Dr. Rabin's opinions was error because Dr. Rabin did not examine plaintiff and his opinions conflicted with those of the consultative examiners ("CEs") who had. *See* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."); (R. 438 (CE Cox's 1/9/17 report stating, "It is thought that [plaintiff] is able to learn, remember, complete work tasks, follow simple instructions and relate well to others with the proper training, mentoring and close supervision."); R. 474 (CE Heinrichs' 8/31/18 report stating that because of plaintiff's "limitations in memory, concentration, verbal comprehension and mental processing speed[, his] ability to engage in some work and academic activities without close supervision may be limited").)

However, the fact that a medical source has examined the claimant is only one of a number of factors that the regulations require an ALJ to consider when evaluating medical opinions. *See* 20 C.F.R. § 404.1527(c)(2)-(6) (requiring an ALJ to consider, *inter alia*, whether a medical source is a specialist, whether the source is the claimant's treater or has examined the claimant, the amount and nature of evidence the source provides for his/her opinions, and the extent to which the opinions are consistent with the record as a whole). The ALJ acknowledged that Dr. Rabin's opinion that plaintiff is moderately limited in his ability to concentrate and maintain pace conflicts with that of CE Cox, who concluded that plaintiff is markedly limited in that domain. (R. 20-21.) But the ALJ credited Dr. Rabin's opinion because he "reviewed the complete record and listened to [plaintiff's] testimony at [the] hearing," and his opinion is consistent with plaintiff's IQ scores, school records, and CE Heinrichs' opinion that plaintiff's "levels of understanding and persistence were within normal limits." (*Id.*) In short, the ALJ's decision to credit Dr. Rabin's opinions, and

thus her finding that plaintiff has a moderate limitation in concentration, persistence, and pace, is supported by substantial evidence.

Even if he has only a moderate limitation in concentrating and maintaining pace, as the ALJ found, plaintiff argues that the RFC does not adequately account for that limitation. In relevant part, the RFC states that plaintiff is "limited to simple, routine, and repetitive tasks, with a reasoning level of 1[,] occasional changes in the work setting[, and] occasional decision making and no production rate or pace work." (R. 19.) Plaintiff contends that limiting him to simple, routine, repetitive tasks does not accommodate his limitations. (*See* ECF 19 at 15 (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) (stating that "limiting a hypothetical to simple, repetitive work does not necessarily address deficiencies of concentration, persistence and pace")).) More recently, however, the Seventh Circuit has said the following with respect to moderate limitations in concentration, persistence, and pace:

> A "moderate limitation" is defined by regulation to mean that functioning in that area is "fair." 20 C.F.R. Pt. 404, Subpt. P, App. 1. As the Commissioner points out, "fair" in ordinary usage does not mean "bad" or "inadequate." So a "moderate" limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace. Further, that assessment is consistent with both Dr. Jusino-Berrios's and Dr. Harris's findings that Pavlicek could carry out simple instructions and make simple decisions with no significant limitation.

*Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021). Because the ALJ's RFC comports with *Pavlicek*, it is not a basis for remand.

## Conclusion

For the reasons set forth above, the Court affirms the acting Commissioner's decision and terminates this case.

**SO ORDERED.**          **ENTERED:**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**